UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED
2022 JUL 19 A 10: 30
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK,<br><br>Debtor. | CHAPTER 11<br><br>Case No. 22-50073(JAM) |
| Samuel Dan Nunberg,<br><br>Plaintiffs,<br><br>v.<br><br>Ho Wan Kwok,<br><br>Defendant. | Adv. Proc. No. _____ |

## COMPLAINT TO DETERMINE DISCHARGEABILITY

Samuel Dan Nunberg ("**Plaintiff**"), appearing pro se, in support of this Complaint against Ho Wan Kwok a/k/a Guo Wengui (the "**Defendant**" or "**Debtor**") hereby, alleges and states as follows:

### PARTIES

1. Plaintiff Samuel Dan Nunberg is a natural person, a citizen of the State of New York, and an active member of the District of Columbia and New York State Bar. Mr. Nunberg is a creditor listed on the Debtor's list of top creditors filed in the Debtor's Bankruptcy Case (defined below).

2. Defendant, Ho Wan Kwok a/k/a Guo Wengui a/k/a Miles Kwok, is a Chinese national, and the debtor in the above-captioned bankruptcy case (the "**Bankruptcy Case**"). Upon

information and belief, the Defendant possesses passports from numerous countries, including those from Hong Kong, the United Arab Emirates, and the Republic of Malta, and uses a number of aliases, including Guo Wen Gui, Guo Haoyun and Miles Kwok, among others. The Defendant purports to presently reside in Connecticut, and, upon information and belief, at all times relevant to Plaintiffs and their claims, the Defendant resided in New York City.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and this proceeding under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Venue of this action is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. The bases for the relief requested in this Complaint are 11 U.S.C. § 523(a)(6) and Federal Rules of Bankruptcy Procedure 4007 and 7001.

7. Plaintiff demands a trial by jury on their claims against the Debtor and does not consent to trial in this Court.

## RELEVANT BACKGROUND

### I. The State Court Litigation and Plaintiff's Claims.

8. In 2020, Plaintiff commenced a civil action in the Supreme Court of the State of New York, New York County (the "**State Court**"), Index No. 150141/2020 (the "**State Court Litigation**"), against the Debtor, asserting two causes of action arising from the injuries intentionally caused by the Debtor -- one for defamation per se (slander per se) and the other for defamation (slander) (together, the "**Plaintiff's Claims**").

9. A true and correct copy of the Plaintiff's complaint in the State Court Litigation setting forth the Plaintiff's Claims (the "**State Court Complaint**") is attached hereto as Exhibit A. As alleged therein, the Debtor has undertaken an intentional and malicious campaign of lies

2

against the Plaintiff (and others who oppose the Debtor) in an effort to intimidate and harm the Plaintiff, causing him injury. *See, e.g.,* State Court Complaint, ¶¶ 13-68.

10. The State Court Complaint is incorporated herein in its entirety by reference. Plaintiff repeats and realleges each allegation of the State Court Complaint as if said allegation is fully set forth herein. As set forth in the State Court Complaint, the Debtor's intentional malicious conduct against the Plaintiff include, but are not limited to, the following events.

   *(a) Defamation – Slander Per Se Against Plaintiff Mr. Nunberg (State Court Complaint ¶¶ 46-58)*

11. The Debtor has sought to harm and damage Plaintiff Samuel Nunberg personal and professional reputation by falsely accusing Plaintiff Samuel Nunberg of committing federal crimes that were punishable by both monetary fines and even imprisonment.

12. On January 19, 2019, the Debtor posted a publicly available video on Youtube.com account, "郭文贵", stating: "Sam Nunberg helped Bruno Wu, made arrangement with Elliott Broidy, made arrangement with the Justice Department, helped Jho Low lobby, and helped smoothing the thing over. So on this issue, even their attorney-client relationship cannot be protected. *It is already a criminal matter.*"

13. These false statements by the Debtor made deliberately for the purpose of wrongfully damaging Plaintiff's reputation by intentionally falsely claiming that Plaintiff Samuel Nunberg violated the Foreign Agent Registration Act, 22 U.S.C. § 611 *et seq.*, unregistered lobbying on behalf of a foreign agent is a crime punishable by up to $10,000 fine and five years in prison.

14. The Debtor's statement that "even their attorney-client relationship cannot be protected[,] *It is already a criminal matter,*" is a direct false allegation of criminality as well as an

3

allegation that Nunberg used his professional status as an attorney to cover up the alleged crime, which is a statement which the Debtor intended to harm Plaintiff's personal and professional reputation.

15. The Debtor made these statements with malicious intent on a publicly available internet platform with a worldwide, public audience without any privilege or authorization to make such false statements.

(b) *Defamation – Slander Per Se Against Plaintiff Mr. Nunberg (State Court Complaint ¶¶ 59-68)*

16. The Debtor has sought to harm and damage Plaintiff's personal and professional reputation by falsely accusing Plaintiff with the intent to induce contempt and an unsavory opinion of Plaintiff in his personal and professional communities and affairs.

17. On January 19, 2019, the Debtor posted a publicly available video on Youtube.com account, "郭文贵", stating: "Why did Sam Nunberg go to a Jewish (club/synagogue) to spew big lies, saying he saved 60,000 Jews. This is totally ridiculous. If you ever have any common sense, how could he have saved 60,000 people? Jewish people would remember every person that gave them a loaf of bread."

18. The Debtor's false statement was made with the clear intent to disparage Plaintiff, a descendent of Holocaust survivors and strong supporter of Israel, by falsely claiming Plaintiff of making false statements to his fellow Jewish brethren that he "saved 60,000 Jews."

19. The Debtor made these statements with malicious intent on a publicly available internet platform with a worldwide, public audience without any privilege or authorization to make such false statements.

## II. The Commencement of the Bankruptcy Case.

17. On February 15, 2022, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**") commencing this bankruptcy case.

18. The Debtor's list of largest unsecured creditors identifies the Plaintiff as one of the largest non-insider creditors in this case. (ECF Nos. 4, 20).

19. Plaintiff also filed a proof of claim in the Bankruptcy Case, docketed May 20, 2022. *See* Claims Registry, Proof of Claim No. 5. The Plaintiff's Claims are personal injury claims that are expressly excluded from matters in which bankruptcy courts may enter final judgments or that may be estimated by bankruptcy courts for distribution purposes, nor do bankruptcy courts have jurisdiction to try such claims. *See* 28 U.S.C. §§ 157(b)(2)(B), (O), 28 U.S.C. §157(b)(5). Plaintiff demands a trial by jury on their claims against the Debtor and does not consent to trial in this Court.

### COUNT I – DECLARATORY JUDGMENT
### Nondischargeability of the Defamation – Slander *Per Se* Claim
### Pursuant to 11 U.S.C. § 523(a)(6)

20. Plaintiff repeats and realleges each paragraph above as if fully set forth herein.

21. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

22. The first cause of action in the State Court Complaint sets forth the Plaintiff's claim against the Debtor for the intentional tort of Defamation - Slander *Per Se* (the "**Defamation-Slander *Per Se* Claim**"). State Court Complaint ¶¶ 46-58. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor intentionally and with malice repeatedly defamed Plaintiffs seeking to cause them injury. As set forth above and in the State

Court Complaint, which is incorporated herein by reference, Debtor intentionally and with malice made statements that claimed Plaintiff (i) violated the Foreign Agent Registration Act, 22 U.S.C. § 611 *et seq*, unregistered lobbying on behalf of a foreign agent is a crime punishable by up to $10,000 fine and five years in prison, and (ii) that Plaintiff Nunberg used his professional status as an attorney to cover up the alleged crime.

23. The Debtor knew those statements are false and made those statements with the intent of maliciously damaging Plaintiff and his reputations and business, professional and public affairs with the further intent to induce others not to do business with him. The Debtor had neither the authorization nor the privilege to make such false statements. Damages to the Plaintiff are presumed for their Defamation-Slander *Per Se* Claim.

24. The Debtor's conduct resulting in the Defamation-Slander *Per Se* Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the Defamation-Slander *Per Se* Claim, the Debtor's liability (including actual, presumed, and punitive damages, as well as interest, fees and costs) for the Defamation-Slander *Per Se* Claim is nondischargeable.

### COUNT II – DECLARATORY JUDGMENT
**Nondischargeability of the Defamation-Slander Claim**
**Pursuant to 11 U.S.C. § 523(a)(6)**

25. Plaintiffs repeat and reallege each paragraph above as if fully set forth herein.

26. Individual debtors are not entitled to a discharge under the Bankruptcy Code from any debt "for willful and malicious injury by the debtor to another entity or the property of another entity." 11 U.S.C. § 523(a)(6).

27. The second cause of action in the State Court Complaint sets forth the Plaintiff's claim against the Debtor for the intentional tort of Defamation-slander (the "**Defamation-Slander Claim**"). State Court Complaint ¶¶ 59-68. As set forth above and in the State Court Complaint, which is incorporated herein by reference, Debtor intentionally and with malice repeatedly defamed Plaintiff seeking to cause his injury by falsely claiming that Plaintiff made false statements to a religious institution which represents the Plaintiff's Jewish faith.

28. The Debtor knew those statements are false and made those statements with the intent of maliciously damaging Plaintiff and his reputations with the intent to induce contempt and an unsavory opinion of Plaintiff in his personal and professional communities and affairs. The Debtor had neither the authorization nor the privilege to make such false statements. Plaintiff has suffered harm as a result of the Debtor's conduct, in a monetary amount to be determined at trial, but no less than $1 million.

29. The Debtor's conduct resulting in the Defamation-Slander Claim constitutes willful and malicious injury to Plaintiff within the meaning of section 523(a)(6) of the Bankruptcy Code. Accordingly, in the event that the Debtor is determined in the State Court Litigation to be liable on the Defamation-Slander Claim, the Debtor's liability (including actual, presumed, and punitive damages, as well as interest, fees and costs) for the Defamation-Slander Claim is nondischargeable.

## RELIEF REQUESTED

WHEREFORE, the Plaintiff respectfully requests that the Court grant judgment as follows:

(a) Declaring the liability of Debtor to Plaintiff for the Defamation-Slander *Per Se* Claim, as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6);

(b) Declaring the liability of Debtor to Plaintiff for the Defamation-Slander Claim, as determined by the State Court in the State Court Litigation, to be nondischargeable pursuant to 11 U.S.C § 523(a)(6); and

(c) Granting such other and further relief to Plaintiff as may be just and proper.

Dated: July 18, 2022
West Palm Beach, Florida

/s/Samuel Dan Nunberg
Samuel Dan Nunberg
600 S Dixie Hwy
Suite 455
West Palm Beach, FL 33401
(646) 318-0115
snunberg@winstonashe.com